# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GIL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOE WARDEN, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-01039-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(ECF No. 1)<br><br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Ruben Gil ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on August 3, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required

to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff alleges the events in the complaint occurred while Plaintiff was housed at the California State Prison in Corcoran. Plaintiff names the following defendants: (1) John Doe Warden, (2) John Doe Deputy Warden, (3) Captain Gonzales, (4) Lieutenant Munoz, (5) Sergeant Bueno, (6) A. Johnson, Counselor, (7) Smith, Counselor, (8) T. Wyman, Counselor, (9) Alvarado, Counselor. Plaintiff also names other John Does who are correctional officers and John Does who are counselors. All of these defendants are sued in their official and individual capacities. Plaintiff also names Correctional Officer Acosta who is sued in his individual capacity.

Plaintiff alleges that he arrived at Corcoran on November 7, 2017. He submitted a grievance to be protected from assault, and he still got assaulted. Plaintiff alleges that he received a ducat to work at the "central hospital." Defendants were waking Plaintiff at 3:00 a.m. and not letting him out to work in a harassing way, saying it was because he filed grievances. After this, staff continued to harass and threaten plaintiff for submitting C-22 forms to supervisors and the Sergeant for misconduct of staff. Plaintiff instead received a Rules Violation Report (RVR) for informing of staff of misconduct. Plaintiff was fired from his job assignment. Staff were throwing away Plaintiff's grievances and not letting him exhaust and moved Plaintiff from cell to cell. Defendants were also holding Plaintiff's property for a long time.

After these events, Plaintiff was assaulted by staff in front of the education department. An officer did not intervene. Plaintiff was being escorted by Officer S. Zarate when Officer Martinez

2

used force maliciously and sadistically. [1] Plaintiff was not taken to evaluation for his injuries for 7 days. Plaintiff had informed the warden and superintendents he needed to be protected but they have failed to take action.

Plaintiff was issued a false Rules Violation Report at the central hospital. Defendants refused to call any witnesses or extract video surveillance cameras. Plaintiff was found guilty. Plaintiff filed administrative appeal, but Lieutenant Munoz denied witnesses and exculpatory evidence. Plaintiff's administrative appeal then disappeared before it was sent to the third level.

Defendants did an inappropriate and incomplete investigation of the excessive force and denied plaintiff all rights to a fair defense.

Claim I

Plaintiff alleges that all Defendants used force against Plaintiff and failed to intervene and have been harassing Plaintiff in violation of the Eighth Amendment.

Claim II

Plaintiff alleges that the Warden and Superintendents failed to take disciplinary or other action against staff who have harassed Plaintiff or who used excessive force against Plaintiff and failed to protect him, in violation of the Eighth Amendment.

Claim III

Lt. Munoz failed to call witnesses and denied the video for exculpatory evidence in violation of Plaintiff's Due Process rights.

Claim IV

The Counselor Defendants, T. Wyman, A. Johnson, Alvarado, M. Oliveira, Smith were not assigning Plaintiff the proper placement for Plaintiff's rehabilitation because the prison conditions that counselors put Plaintiff were interfering with parole opportunities and good time statutes which postponed parole or other release eligibility in violation of Due Process.

Claim V and VI

All Defendants failed to take action to protect plaintiff from assault and correct actions of

---

[1] Officer Martinez is not named as a defendant.

their subordinates. Defendant failed to launch an investigation of the staff conduct.

Plaintiff seeks as relief declaratory relief, injunctive relief, and compensatory and punitive damages.

**III.    Discussion**

Plaintiff's complaint fails to state a cognizable claim. As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. To assist Plaintiff, the Court provides the relevant pleading and legal standards that appear applicable to his claims.

**A.    Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's amended complaint is short, but it is not a plain statement of his claims. Plaintiff's allegations are conclusory, lacking dates, names and other necessary factual information. Instead, Plaintiff's complaint details the filing of numerous grievances, but fails to provide the factual underpinnings of those grievances. Plaintiff alleges he was attacked but does not state what happened or who was involved. In any amended complaint, Plaintiff should briefly and succinctly state what happened, when it happened and who was involved. The claims in this action do not contain sufficient factual matter to state a claim for relief that is plausible on its face.

**B.    Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff's complaint fails to adequately link many of the Defendants, such as Captain Gonzales, John Does, Sergeant Bueno, T. Tolson, Officer Acosta, the counselors, to any of the claims. Although Plaintiff names many individuals in his complaint, Plaintiff does not clearly link each Defendant to any action or omission that resulted in violation of Plaintiff's rights. The complaint lumps together the Defendants as a group ("staff" or "superintendents" or "defendants"), making the Court unable to draw the connection between each Defendant's actions or omissions and the alleged denial of Plaintiff's constitutional rights. In any amended complaint, Plaintiff must link each individual Defendant to a specific act or omission that violated Plaintiff's rights.

### C. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different Defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim against Defendant Munoz for denial of Due Process at a hearing while simultaneously asserting an unrelated claim regarding excessive force or asserting an unrelated claim for improper placement in programs for parole considerations. Unrelated claims involving multiple defendants belong in different suits. In any amended complaint, Plaintiff may pursue only properly joined claims.

### D. Official Capacity

To the extent Plaintiff is attempting to pursue damages claims against the named Defendants in their official capacities, he may not do so. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dep't. of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. Sys., 939 F.2d 676, 680 n.2 (9th Cir. 1991). Thus, Plaintiff may only proceed against Defendants in their individual capacities for monetary damages.

### E. Supervisory Liability

Insofar as Plaintiff is attempting to sue Defendant Warden John Doe, Deputy Warden John Doe, Associate Warden J. Perez, Captain Gonzales, or any other defendant, based on his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal

participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Here, Plaintiff has failed to establish that any supervisory Defendant participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation. Plaintiff's conclusory allegation that the supervisory defendant knew of his allegations is insufficient.

### F. Eighth Amendment

#### 1. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

The Court finds that Plaintiff's complaint fails to state a cognizable claim for excessive force in violation of the Eighth Amendment. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim. Iqbal, 556 U.S. at 678. Plaintiff alleges that Officer Martinez used force maliciously and sadistically, but fails to state the facts of what happened. Indeed, Officer Martinez is not named as a defendant. Plaintiff also appears

7

to allege a purported assault by staff in front of the education department. Plaintiff has failed to allege what happened and who was involved.

### 2. Failure to Protect

Although unclear, it appears that Plaintiff may be attempting to assert a claim for failure to protect him from harm based on the attack by some unknown inmate or inmates.

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 83334, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir.2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005). However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, Plaintiff fails to adequately allege that any of the named Defendants knew of any specific risk of harm to Plaintiff from an assault by an inmate. Plaintiff's conclusory allegations are insufficient. And, to the extent that Plaintiff claims Defendants failed to protect him from future, potential harm, this is not sufficient to state a claim.

### 3. Deliberate Indifference to Medical Care

Plaintiff appears to allege that he was denied medical care after he was purportedly assaulted by staff.

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of

pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

Plaintiff has failed to allege any facts that he was in serious medical need and that a defendant's response was deliberately different. Indeed, Plaintiff fails to allege who was involved and what actions were taken or not taken.

### G. Fourteenth Amendment – Due Process

#### 1. Hearing on RVR

"When protected interests are implicated, the right to some kind of prior hearing is paramount...." Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70 (1972) ). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) assistance to the prisoner where the

prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." Hill, 472 U.S. at 455-56.

It is unclear from Plaintiff's allegations what he claims was the Due Process violation at his RVR hearing. Plaintiff claims he was denied witness and exculpatory evidence, but this lacks factual specificity such as did he request witnesses, whether they were denied for security issues, what was the "exculpatory" evidence he contends it existed and why he was denied. In addition, it is unclear from Plaintiff's allegations if Defendant Munoz was the hearing officer or if Defendant Munoz was the reviewer of an administrative appeal. Thus, Plaintiff's factual allegations fail to establish that the disciplinary proceeding did not meet the minimum procedural requirements. In any amended complaint, Plaintiff may only join claims proper under Rules 18 and 20.

### 2. Rehabilitative Programs

Plaintiff's Due Process claims also stem from allegations that he is being unlawfully denied the ability to qualify for parole because necessary rehabilitation programs were not available or he was unable to participate in them.

With respect to participation in rehabilitation, prisoners have no liberty interest in rehabilitative programs arising directly from the Constitution. See Moddy v. Daggett, 429 U.S. 77, 88 n. 9 (1976) (finding no due process right in "eligibility for rehabilitative programs" in the federal prison system); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (finding that there "is no constitutional right to rehabilitation" and thus no right to access rehabilitative services).

Plaintiff also alleges that his right to parole has been infringed because the BPH requires him to complete rehabilitation programs that are unavailable, and the parole decision was biased. Plaintiff does not have a liberty interest in parole arising from the Constitution. In Swarthout v.

Cooke, 562 U.S. 216 (2011), the Supreme Court expressly indicated that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence...." Id. at 220.

### 3. Job Assignment

Plaintiff complains he was fired from his job. "[A]n inmate has no constitutional right to any particular job status while incarcerated." Chapman v. Plageman, 417 F.Supp. 906, 907 (9th Cir. 1976). Indeed, prisoners have no constitutional right to hold a paid position in prison. Harris v. Sivley, 951 F.2d 360 (9th Cir. 1991) ("Prisoners have no constitutional right to a prison job.") (collecting cases).

### 4. False Accusations

Plaintiff contends that his rights under the Fourteenth Amendment were violated because Plaintiff was issued a false rules violation report. Plaintiff fails to state a cognizable constitutional claim. The issuance of a false charge does not, in and of itself, support a claim under section 1983. See, e.g., Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.' ") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984) ); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, No. C 11-5730 CW (PR), 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012) ("The Constitution demands due process, not error-free decision-making.") ); Johnson v. Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986) ); Canovas v. California Dept. of Corrections, No. 2:14-cv-2004 KJN P, 2014 WL 5699750, at *2 n.2 (E.D. Cal. Oct. 30, 2014). Accordingly, Plaintiff fails to state a cognizable constitutional claim based on his claim that Defendants filed false charges against him.

### 5. Confiscation of Property in Violation of the Fourteenth Amendment

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982) ); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985); however, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Although unclear, Plaintiff appears to allege some form of unauthorized confiscation of his property. Plaintiff's allegations do not implicate the Due Process Clause of the Fourteenth Amendment. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895).

### 6. Failure to Investigate

To the extent Plaintiff is dissatisfied with the extent or outcome of an investigation, that is also not a basis for a plausible due process claim. Baker v. Beam, 2019 WL 1455321, at *6 (E.D. Cal. 2019). To the degree Plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); Page v. Stanley, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

### 7. Grievance Procedure

Plaintiff cannot pursue any claims against staff relating to processing and review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty

interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

### H.  First Amendment – Freedom of Speech

Prisoners retain those First Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Although a prisoner does not lose all First Amendment protections when he enters prison, id., the "inmate's 'status as a prisoner' and the operational realities of a prison dictate restrictions on the associational rights among inmates." Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 126 (1977). A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)

The exact nature of Plaintiff's First Amendment claims is unclear. In any amended complaint, Plaintiff must allege facts to meet all the elements for a viable First Amendment claim for retaliation. Plaintiff is reminded that he may not join unrelated claims in violation of Rule 18 and 20.

### I.  Habeas Action

To the extent Plaintiff is attempting to challenge the length of his sentence or the validity of his incarceration, the exclusive method for asserting that challenge is by filing a petition for a writ of habeas corpus. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

### J.  Declaratory Relief

Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948).

1  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### K. Injunctive Relief

"[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006) (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury. Jones, 444 F.3d at 1126 (quoting Lyons, 461 U.S. at 105). Furthermore, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff's subsequent transfer out of Corcoran rendered moot his prayer for injunctive relief.

### L. Doe Defendants

Plaintiff has named several John Doe defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply Rules 8, 18 and 20 and fails to state a cognizable claim

for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 17, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE